NOT FOR PUBLICATION IN WEST'S HAWAI

I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30274
17-FEB-2012
08:05 AM**

NO. 30274

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


ASSOCIATION OF APARTMENT OWNERS OF LIHUE
TOWNHOUSE, Plaintiff-Appellant
v.
McGRATH PROPERTIES I, LLC, a Hawai‘i Limited
Liability Company; JOHN and JANE DOES 1-10,
DOE PARTNERSHIPS, DOE CORPORATIONS,
DOE GOVERNMENTAL AGENCIES and
DOE ENTITIES 1-20, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 08-1-0202)

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Association of Apartment Owners of Lihue Townhouse (the Association) appeals from the "Order 1) Continuing Hearing on Plaintiff's Motion for Summary Judgment and for Default Judgment Filed May 12, 2009; 2) Granting Motion to Set Aside Entry of Default; and 3) Re: Arbitration per [Hawaii Revised Statutes (HRS)] Section 514B-146" (Order) entered by the Circuit Court of the Fifth Circuit[1] (circuit court) on December 9, 2009. On appeal, the Association contends that the circuit court erred when it ordered the Association and Defendant-Appellee McGrath Properties I, LLC (McGrath) to arbitration.

---

[1] The Honorable Randal G.B. Valenciano presided.

## I. BACKGROUND

On September 4, 2008, the Association made a demand for payment on McGrath for an outstanding debt of $2,995.28. On October 17, 2008, the Association filed a Complaint to foreclose against McGrath.

On December 1, 2008 Suzanne McGrath-Kitamura (Kitamura) presented a personal check to the Association in the amount of $5,000. The Association refused to accept the check. On January 23, 2009, Kitamura presented a cashier's check in the amount of $5,000 to the Association, which the Association again refused to accept. On July 17, 2009, the Association informed McGrath that the outstanding debt owed was $17,216.90

On April 1, 2009, the Association requested "Entry of Default as to [McGrath]," which the circuit court entered on the same day. On May 12, 2009, the Association filed its "Motion For Summary Judgment and for Default Judgment" (Motion). The circuit court continued the Association's Motion several times. On October 22, 2009, the circuit court held a hearing on the Motion. During the hearing, the circuit court required counsel for McGrath to write a $10,000 check from counsel's client trust account to the Association. The circuit court clarified that it would not be requiring McGrath to pay the full amount claimed to begin mediation, as is generally required under HRS § 514B-146 (2006 Repl.). Id. On December 9, 2009, the circuit court entered its written Order, stating in part:

> 3. Plaintiff and Defendant McGrath Properties I, LLC shall arbitrate their respective claims and/or defenses, pursuant to [HRS] Section 514B-146; provided that Defendant McGrath Properties I, LLC shall pay the sum of $10,000.00 to Plaintiff by no later than October 30, 2009, and provided further that all deadlines in this case are suspended pending further order of the Court; and
> 4. Said arbitration shall commence by December 11, 2009.[2]

---

[2] The Association only challenges those portions of the Order related to arbitration, specifically paragraphs 3 and 4. Paragraphs 1 and 2 state:
1. The hearing on Plaintiff's Motion for Summary Judgment and for Default Judgment filed May 12, 2009 shall be and hereby is continued until moved on;
2. Defendant McGrath Properties I, LLC's Motion to Set Aside Entry of Default, filed October 5, 2009, is granted[.]

The Association filed its Notice of Appeal on January 4, 2010.

## II.   STANDARDS OF REVIEW

### A.   Abuse of Discretion

An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

### B.   Statutory Interpretation

> Statutory interpretation is reviewed *de novo* by [the appellate] court.  When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  Moreover, it is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning.

Bhakta v. Cnty. of Maui, 109 Hawai‘i 198, 208, 124 P.3d 943, 953 (2005) (internal quotation marks, citations, and brackets in original omitted).

## III.   DISCUSSION

The Association contends that the circuit court did not have the authority to order the parties to arbitration.  "Even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate.  Without an agreement to arbitrate, a court may not force parties to engage in arbitration." Douglass v. Pflueger Hawaii, Inc., 110 Hawai‘i 520, 531, 135 P.3d 129, 140 (2006) (citation and internal quotation marks omitted).  "A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. To warrant compelling arbitration, there must be an underlying agreement between the parties[.]" In re United Public Workers, AFSCME, Local 646, AFL-CIO, 124 Hawai‘i 372, 379, 244 P.3d 609, 616 (App. 2010) (internal quotation marks, citations, brackets, and emphasis omitted).

In the instant case, there simply was no arbitration agreement. McGrath does not dispute the lack of an arbitration agreement. Nothing in the record or in the briefs suggests that an arbitration agreement existed.

Hawai'i law requires an arbitration agreement in order for a court to compel arbitration. HRS § 658A-7(c)(Supp. 2010). The circuit court ordered the parties to "arbitrate their respective claims and/or defenses, pursuant to [HRS] § 514B-146[.]" HRS § 514B-146(d) provides in pertinent part:

> A unit owner who pays an association the full amount claimed by the association may file in small claims court or require the association to mediate to resolve any disputes concerning the amount or validity of the association's claim. If the unit owner and the association are unable to resolve the dispute through mediation, either party may file for arbitration under section 514B-162[.].[3]

HRS § 514B-162 (2006 Repl.) states in relevant part:

> (a) At the request of any party, any dispute concerning or involving one or more unit owners and an association, its board, managing agent, or one or more other unit owners relating to the interpretation, application, or enforcement of this chapter or the association's declaration, bylaws, or house rules adopted in accordance with its bylaws shall be submitted to arbitration. The arbitration shall be conducted, unless otherwise agreed by the parties, in *accordance with the rules adopted by the commission and of chapter 658A*[.]

(Emphasis added.) Chapter 658A (Supp. 2010), which governs arbitration, requires an arbitration agreement before a court may order arbitration. "If the court finds that there is no enforceable agreement, it shall not . . . order the parties to arbitrate." HRS § 658A-7(c). Because there was no arbitration agreement, the circuit court lacked the authority to order arbitration pursuant to HRS § 514B-146.

### IV. CONCLUSION

The "Order 1) Continuing Hearing on Plaintiff's Motion for Summary Judgment and for Default Judgment filed May 12, 2009; 2) Granting Motion to Set Aside Entry of Default; and

---

[3] In its answering brief, McGrath challenges the constitutionality of HRS § 514B-146(d). However, McGrath did not file a cross appeal on this issue. Regardless, because there was no arbitration agreement, the constitutionality of HRS § 514B-146(d) is not at issue.

3) Re: Arbitration per [HRS] Section 514B-146" filed in the Circuit Court of the Fifth Circuit on December 9, 2009 is vacated and remanded with respect to Paragraphs 3 and 4.

DATED: Honolulu, Hawai'i, February 17, 2012.

On the briefs:

Philip S. Nerney
for Plaintiff-Appellant.

Jonathan S. Durrett
Adrian W. Rosehill
Alan J. Ma
(Stubenberg & Durrett)
for Defendants-Appellees.

Dorothy Sellers
Solicitor General
for amicus curiae State
of Hawai'i.

Presiding Judge

Associate Judge

Associate Judge